IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Civil No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REMO POLSELLI, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff the United States of America, pursuant to 26 U.S.C. § 7401(a), with the authorization and sanction of the Secretary of the Treasury and at the direction of a delegate of the Attorney General of the United States, brings this civil action against the defendant Remo Polselli to collect outstanding federal tax liabilities, plus statutory accruals.  The United States alleges as follows.

1.      Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331, 1340 and 1345, and 26 U.S.C. § 7402(a).

2.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1396.

3.      Defendant Remo Polselli ("Polselli") resides in West Bloomfield, Michigan, within the jurisdiction of this Court.

4.      A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of 31500, Inc.,  for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 9/30/93 | 31500, Inc. | 9/18/06 | 6672 Penalty | $33,559.26 |
| 3/31/94 | 31500, Inc. | 9/18/06 | 6672 Penalty | $53,436.83 |
| 6/30/94 | 31500, Inc. | 9/18/06 | 6672 Penalty | $57,739.11 |
| 9/30/94 | 31500, Inc. | 9/18/06 | 6672 Penalty | $68,404.55 |
| 12/31/94 | 31500, Inc. | 9/18/06 | 6672 Penalty | $64,884.53 |
| 3/31/95 | 31500, Inc. | 7/9/07 | 6672 Penalty | $69,463.00 |
| 6/30/95 | 31500, Inc. | 7/9/07 | 6672 Penalty | $70,581.50 |
| 9/30/95 | 31500, Inc. | 9/18/06 | 6672 Penalty | $73,208.40 |
| 12/31/95 | 31500, Inc. | 9/18/06 | 6672 Penalty | $79,981.19 |
| 3/31/96 | 31500, Inc. | 9/18/06 | 6672 Penalty | $80,361.08 |
| 6/30/96 | 31500, Inc. | 9/18/06 | 6672 Penalty | $76,400.57 |
| 9/30/96 | 31500, Inc. | 9/18/06 | 6672 Penalty | $77,664.04 |
| 12/31/96 | 31500, Inc. | 9/18/06 | 6672 Penalty | $79,098.79 |
| 3/31/97 | 31500, Inc. | 9/18/06 | 6672 Penalty | $86,644.37 |
| 6/30/97 | 31500, Inc. | 9/18/06 | 6672 Penalty | $166.75 |

5.     On or about the date of each assessment described in paragraph 4 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

6.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 4 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

7.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Access Data for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/00 | Access Data | 4/22/04 | 6672 Penalty | $35,312.06 |

8.     On or about the date of each assessment described in paragraph 7 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

9.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 7 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

10.    A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Atlantic Hotels Corporation,  for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/94 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $1,189.15 |
| 3/31/95 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $3,732.00 |
| 6/30/95 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $8,486.87 |
| 9/30/95 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $10,878.23 |
| 12/31/95 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $9,092.91 |
| 3/31/96 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $12,226.63 |
| 6/30/96 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $10,518.86 |
| 9/30/96 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $11,910.73 |
| 12/31/96 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $10,136.43 |
| 3/31/97 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $11,942.19 |
| 6/30/97 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $10,315.42 |
| 9/30/97 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $12,307.48 |

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/97 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $11,294.71 |
| 3/31/98 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $11,456.19 |
| 6/30/98 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $9,676.12 |
| 9/30/98 | Atlantic Hotels Corporation | 7/16/07 | 6672 Penalty | $12,055.15 |
| 12/31/00 | Atlantic Hotels Corporation | 4/22/04 | 6672 Penalty | $11,898.29 |

11.     On or about the date of each assessment described in paragraph 10 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

12.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 10 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

13.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Buckeye Hotel Management, Inc., for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/00 | Buckeye Hotel Management, Inc. | 4/22/04 | 6672 Penalty | $6,097.71 |

14.     On or about the date of each assessment described in paragraph 13 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

15. Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 13 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

16. A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of California Hotels Corporation for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 9/30/95 | California Hotels Corporation | 6/2/08 | 6672 Penalty | $27,613.22 |
| 3/31/96 | California Hotels Corporation | 6/2/08 | 6672 Penalty | $21,816.11 |
| 6/30/96 | California Hotels Corporation | 6/2/08 | 6672 Penalty | $24,011.68 |

17. On or about the date of each assessment described in paragraph 16 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

18. Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 16 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

19.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Collier Hotels, Inc., for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/00 | Collier Hotels, Inc. | 4/22/04 | 6672 Penalty | $4,760.66 |

20.     On or about the date of each assessment described in paragraph 19 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

21.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 19 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

22.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Dallas Hotel Associates, Inc., for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/95 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $12,912.54 |
| 3/31/96 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $11,483.53 |
| 6/30/96 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $10,557.87 |
| 9/30/96 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $13,048.91 |
| 12/31/96 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $12,293.33 |
| 3/31/97 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $10,944.74 |
| 6/30/97 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $8,977.18 |
| 9/30/97 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $8,284.42 |
| 12/31/97 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $9,742.34 |
| 3/31/98 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $9,789.29 |
| 6/30/98 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $12,156.95 |
| 9/30/98 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $10,655.41 |
| 12/31/00 | Dallas Hotel Associates, Inc. | 5/5/08 | 6672 Penalty | $2,709.35 |

23. On or about the date of each assessment described in paragraph 22 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

24. Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 22 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

25. A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Entertainment Management Co., L.C., for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 3/31/00 | Entertainment Management Co., L.C. | 4/22/04 | 6672 Penalty | $28,594.64 |

26.     On or about the date of each assessment described in paragraph 25 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

27.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 25 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

28.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Fort Pierce Hotel Associates, Inc., for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/92 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $4,036.62 |
| 3/31/93 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $4,529.35 |
| 6/30/93 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $4,797.65 |
| 9/30/93 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $5,226.32 |
| 12/31/93 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $6,380.02 |
| 3/31/94 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $5,385.27 |
| 6/30/94 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $5,730.06 |
| 9/30/94 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $6,703.03 |
| 12/31/94 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $5,879.49 |
| 3/31/95 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $5,288.31 |
| 6/30/95 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $6,059.40 |

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 9/30/95 | Fort Pierce Hotel Associates, Inc. | 2/19/07 | 6672 Penalty | $5,241.43 |

29.     On or about the date of each assessment described in paragraph 28 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

30.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 28 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

31.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Grand Harbor Resorts, Inc., for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 3/31/00 | Grand Harbor Resorts, Inc. | 11/21/07 | 6672 Penalty | $18,080.11 |

32.     On or about the date of each assessment described in paragraph 31 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

33.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 31 above and, as a result, he remains

indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

34.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Grand Hotels and Resorts International, Inc., a/k/a Grand Hotels & Resorts International, Inc., for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 3/31/01 | Grand Hotels and Resorts International, Inc. | 4/22/04 | 6672 Penalty | $15,144.43 |

35.     On or about the date of each assessment described in paragraph 34 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

36.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 34 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

37.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and

FICA taxes withheld from the wages of the employees of Hotel Management Corporation for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 3/31/98 | Hotel Management Corporation | 9/11/06 | 6672 Penalty | $82,513.67 |
| 6/30/98 | Hotel Management Corporation | 9/11/06 | 6672 Penalty | $94,049.40 |
| 9/30/98 | Hotel Management Corporation | 9/11/06 | 6672 Penalty | $91,902.48 |

38.     On or about the date of each assessment described in paragraph 37 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

39.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 37 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

40.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Indian Ocean Corporation, for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 9/30/96 | Indian Ocean Corporation | 7/30/07 | 6672 Penalty | $19,478.67 |
| 12/31/96 | Indian Ocean Corporation | 7/30/07 | 6672 Penalty | $25,134.79 |
| 3/31/97 | Indian Ocean Corporation | 7/30/07 | 6672 Penalty | $25,585.98 |
| 6/30/97 | Indian Ocean Corporation | 7/30/07 | 6672 Penalty | $24,307.42 |

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 9/30/97 | Indian Ocean Corporation | 7/30/07 | 6672 Penalty | $28,042.52 |
| 12/31/97 | Indian Ocean Corporation | 7/30/07 | 6672 Penalty | $27,338.35 |
| 3/31/98 | Indian Ocean Corporation | 7/30/07 | 6672 Penalty | $34,485.34 |
| 6/30/98 | Indian Ocean Corporation | 7/30/07 | 6672 Penalty | $30,352.77 |
| 9/30/98 | Indian Ocean Corporation | 7/30/07 | 6672 Penalty | $33,768.92 |
| 12/31/98 | Indian Ocean Corporation | 4/22/04 | 6672 Penalty | $30,285.71 |
| 6/30/99 | Indian Ocean Corporation | 4/22/04 | 6672 Penalty | $6,834.42 |
| 9/30/99 | Indian Ocean Corporation | 4/22/04 | 6672 Penalty | $25,463.19 |
| 12/31/00 | Indian Ocean Corporation | 4/22/04 | 6672 Penalty | $30,147.37 |
| 3/31/01 | Indian Ocean Corporation | 4/22/04 | 6672 Penalty | $12,339.90 |

41.     On or about the date of each assessment described in paragraph 40 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

42.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 40 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

43.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Intercoastal Hotels, Inc., for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 9/30/96 | Intercoastal Hotels, Inc. | 7/23/07 | 6672 Penalty | $6,202.27 |
| 12/31/96 | Intercoastal Hotels, Inc. | 7/23/07 | 6672 Penalty | $13,938.26 |
| 3/31/97 | Intercoastal Hotels, Inc. | 7/23/07 | 6672 Penalty | $17,139.99 |

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 6/30/97 | Intercoastal Hotels Inc. | 7/23/07 | 6672 Penalty | $12,025.37 |
| 9/30/97 | Intercoastal Hotels Inc. | 7/23/07 | 6672 Penalty | $12,188.86 |
| 12/31/97 | Intercoastal Hotels Inc. | 7/23/07 | 6672 Penalty | $11,707.19 |
| 3/31/98 | Intercoastal Hotels Inc. | 7/23/07 | 6672 Penalty | $14,542.43 |
| 6/30/98 | Intercoastal Hotels Inc. | 7/23/07 | 6672 Penalty | $11,782.98 |
| 9/30/98 | Intercoastal Hotels Inc. | 7/23/07 | 6672 Penalty | $12,228.43 |
| 12/31/98 | Intercoastal Hotels Inc. | 7/16/07 | 6672 Penalty | $10,795.90 |
| 3/31/99 | Intercoastal Hotels Inc. | 7/16/07 | 6672 Penalty | $12,604.84 |

44.     On or about the date of each assessment described in paragraph 43 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

45.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 43 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

46.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Lake Lure Associates, Inc., for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 3/31/93 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $3,143.65 |
| 6/30/93 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $13,520.13 |
| 9/30/93 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $16,340.94 |
| 12/31/93 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $15,832.67 |
| 3/31/94 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $6,054.65 |

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 6/30/94 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $17,830.09 |
| 9/30/94 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $18,940.96 |
| 12/31/94 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $17,434.72 |
| 3/31/95 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $10,580.63 |
| 6/30/95 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $14,062.91 |
| 9/30/95 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $20,171.23 |
| 12/31/95 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $16,406.91 |
| 3/31/96 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $10,566.75 |
| 6/30/96 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $14,268.58 |
| 9/30/96 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $19,766.39 |
| 12/31/96 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $14,799.21 |
| 3/31/97 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $12,067.90 |
| 6/30/97 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $14,380.27 |
| 9/30/97 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $21,734.67 |
| 12/31/97 | Lake Lure Associates, Inc. | 9/11/06 | 6672 Penalty | $13,668.72 |
| 3/31/98 | Lake Lure Associates Inc. | 8/6/07 | 6672 Penalty | $10,326.33 |
| 6/30/98 | Lake Lure Associates Inc. | 8/6/07 | 6672 Penalty | $12,815.13 |
| 9/30/98 | Lake Lure Associates Inc. | 8/6/07 | 6672 Penalty | $16,904.64 |
| 3/31/99 | Lake Lure Associates Inc. | 7/23/07 | 6672 Penalty | $4,779.13 |

47.     On or about the date of each assessment described in paragraph 46 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

48.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 46 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

49.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Mountain Management Corporation

for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue

Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 9/30/97 | Mountain Management Corporation | 10/16/06 | 6672 Penalty | $8,411.13 |
| 12/31/97 | Mountain Management Corporation | 10/16/06 | 6672 Penalty | $64,443.64 |
| 3/31/98 | Mountain Management Corporation | 10/16/06 | 6672 Penalty | $104,702.36 |
| 6/30/98 | Mountain Management Corporation | 10/30/06 | 6672 Penalty | $59,293.70 |
| 9/30/98 | Mountain Management Corporation | 10/16/06 | 6672 Penalty | $69,256.00 |
| 12/31/98 | Mountain Management Corporation | 10/16/06 | 6672 Penalty | $62,932.16 |
| 3/31/99 | Mountain Management Corporation | 7/30/07 | 6672 Penalty | $108,619.98 |
| 6/30/99 | Mountain Management Corporation | 10/23/06 | 6672 Penalty | $12,320.06 |

50.     On or about the date of each assessment described in paragraph 49 above, a

delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a

demand for payment.

51.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay

in full the amount of the liabilities described in paragraph 49 above and, as a result, he remains

indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C.

§§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments,

credits, and abatements.

52.     A delegate of the Secretary of the Treasury made assessments against Polselli

pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for,

and paying over to the Internal Revenue Service, the trust fund portion of federal income and

FICA taxes withheld from the wages of the employees of Pacific XV, Inc.,  for his willful failure

to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with

respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/97 | Pacific XV, Inc. | 10/23/06 | 6672 Penalty | $9,740.72 |

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 3/31/98 | Pacific XV, Inc. | 7/2/07 | 6672 Penalty | $60,787.21 |
| 6/30/98 | Pacific XV, Inc. | 10/23/06 | 6672 Penalty | $57,716.61 |
| 3/31/99 | Pacific XV, Inc. | 10/16/06 | 6672 Penalty | $21,513.56 |
| 6/30/99 | Pacific XV, Inc. | 10/16/06 | 6672 Penalty | $20,205.01 |

53.     On or about the date of each assessment described in paragraph 52 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

54.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 52 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

55.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Palm Beach Hotels, Inc.,  for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/95 | Palm Beach Hotels, Inc. | 5/12/08 | 6672 Penalty | $11,956.86 |
| 3/31/97 | Palm Beach Hotels, Inc. | 5/12/08 | 6672 Penalty | $12,828.66 |
| 6/30/97 | Palm Beach Hotels, Inc. | 5/12/08 | 6672 Penalty | $12,146.60 |
| 9/30/97 | Palm Beach Hotels, Inc. | 5/12/08 | 6672 Penalty | $11,256.45 |
| 12/31/97 | Palm Beach Hotels, Inc. | 5/12/08 | 6672 Penalty | $12,154.26 |
| 3/31/98 | Palm Beach Hotels, Inc. | 5/12/08 | 6672 Penalty | $13,207.88 |
| 9/30/98 | Palm Beach Hotels, Inc. | 5/12/08 | 6672 Penalty | $10,820.02 |
| 12/31/00 | Palm Beach Hotels, Inc. | 4/22/04 | 6672 Penalty | $10,253.41 |
| 3/31/01 | Palm Beach Hotels, Inc. | 5/12/08 | 6672 Penalty | $14,999.18 |

56.    On or about the date of each assessment described in paragraph 55 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

57.    Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 55 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

58.    A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Pier Pointe Management, Inc.,  a/k/a Pierpointe Management, Inc., for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 9/30/99 | Pier Pointe Management, Inc. | 12/29/08 | 6672 Penalty | $14,092.25 |

59.    On or about the date of each assessment described in paragraph 58 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

60.    Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 58 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C.

§§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

61.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Riverfront Hotel Management Corporation for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 3/31/98 | Riverfront Hotel Management Corporation | 10/23/06 | 6672 Penalty | $50,579.82 |
| 6/30/98 | Riverfront Hotel Management Corporation | 10/16/06 | 6672 Penalty | $58,600.58 |
| 9/30/98 | Riverfront Hotel Management Corporation | 10/23/06 | 6672 Penalty | $45,175.31 |

62.     On or about the date of each assessment described in paragraph 61 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

63.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 61 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

64.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and

FICA taxes withheld from the wages of the employees of Sea Lord Management, Inc.,  for his

willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service

those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 9/30/97 | Sea Lord Management, Inc. | 2/4/08 | 6672 Penalty | $2,055.39 |
| 12/31/97 | Sea Lord Management, Inc. | 2/4/08 | 6672 Penalty | $8,306.87 |
| 3/31/98 | Sea Lord Management, Inc. | 2/4/08 | 6672 Penalty | $8,523.36 |
| 6/30/98 | Sea Lord Management, Inc. | 2/4/08 | 6672 Penalty | $8,720.82 |
| 9/30/98 | Sea Lord Management, Inc. | 2/4/08 | 6672 Penalty | $6,969.55 |

65.     On or about the date of each assessment described in paragraph 64 above, a

delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a

demand for payment.

66.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay

in full the amount of the liabilities described in paragraph 64 above and, as a result, he remains

indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C.

§§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments,

credits, and abatements.

67.     A delegate of the Secretary of the Treasury made assessments against Polselli

pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for,

and paying over to the Internal Revenue Service, the trust fund portion of federal income and

FICA taxes withheld from the wages of the employees of South Bend Hotel Associates, Inc.,  for

his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service

those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/92 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $5,422.76 |
| 3/31/93 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $11,658.40 |

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 6/30/93 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $12,784.85 |
| 9/30/93 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $13,667.58 |
| 12/31/93 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $13,875.22 |
| 3/31/94 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $10,104.59 |
| 6/30/94 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $14,063.75 |
| 9/30/94 | South Bend Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $15,505.75 |
| 12/31/94 | South Bend Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $12,528.07 |
| 3/31/95 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $13,115.13 |
| 6/30/95 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $12,710.17 |
| 9/30/95 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $16,114.43 |
| 12/31/95 | South Bend Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $12,162.71 |
| 3/31/96 | South Bend Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $9,184.57 |

68.     On or about the date of each assessment described in paragraph 67 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

69.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 67 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

70.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of St. Lucie Hotel Associates, Inc.,  for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/95 | St. Lucie Hotel Associates, Inc. | 5/7/07 | 6672 Penalty | $6,338.08 |

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 3/31/96 | St. Lucie Hotel Associates, Inc. | 5/7/07 | 6672 Penalty | $5,406.17 |
| 6/30/96 | St. Lucie Hotel Associates, Inc. | 5/7/07 | 6672 Penalty | $5,701.18 |
| 9/30/96 | St. Lucie Hotel Associates, Inc. | 5/7/07 | 6672 Penalty | $4,397.04 |
| 12/31/96 | St. Lucie Hotel Associates, Inc. | 5/7/07 | 6672 Penalty | $5,204.35 |
| 3/31/97 | St. Lucie Hotel Associates, Inc. | 5/7/07 | 6672 Penalty | $5,548.01 |

71.     On or about the date of each assessment described in paragraph 70 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

72.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 70 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

73.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Tempe Hotel Associates, Inc.,  for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/92 | Tempe Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $7,893.03 |
| 3/31/93 | Tempe Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $11,766.49 |
| 6/30/93 | Tempe Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $11,574.01 |
| 9/30/93 | Tempe Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $11,611.69 |
| 12/31/93 | Tempe Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $14,176.32 |
| 3/31/94 | Tempe Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $14,144.65 |
| 6/30/94 | Tempe Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $12,443.41 |
| 9/30/94 | Tempe Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $13,887.07 |

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 12/31/94 | Tempe Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $15,387.18 |
| 3/31/95 | Tempe Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $15,895.57 |
| 6/30/95 | Tempe Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $19,006.51 |
| 9/30/95 | Tempe Hotel Associates, Inc. | 10/23/06 | 6672 Penalty | $16,301.30 |
| 12/31/95 | Tempe Hotel Associates, Inc. | 10/16/06 | 6672 Penalty | $13,600.35 |

74.     On or about the date of each assessment described in paragraph 73 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

75.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 73 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

76.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Waterloo Management Inc.,  for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 9/30/99 | Waterloo Management, Inc. | 5/5/08 | 6672 Penalty | $22,758.19 |

77.     On or about the date of each assessment described in paragraph 76 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

78.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 76 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

79.     A delegate of the Secretary of the Treasury made assessments against Polselli pursuant to 26 U.S.C. § 6672 as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of Worldwide Marinas, Inc.,  for his willful failure to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the quarterly tax periods described below:

| Period Ending | Associated Entity | Assessment Date | Assessment Type | Amount Assessed |
|---|---|---|---|---|
| 3/31/01 | Worldwide Marinas, Inc. | 12/8/08 | 6672 Penalty | $19,413.00 |

80.     On or about the date of each assessment described in paragraph 79 above, a delegate of the Secretary of the Treasury gave Polselli notice of the assessment and made a demand for payment.

81.     Despite such notice and demand, Polselli has failed, neglected, or refused to pay in full the amount of the liabilities described in paragraph 79 above and, as a result, he remains indebted to the United States for the amounts set forth above, plus interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), after taking into account all payments, credits, and abatements.

82.     As a result of all of the assessments described above which Polselli has failed to pay despite notice and demand, Polselli is indebted to the United States in the total amount of

$5,156,184.91  as of April 1, 2014, plus statutory additions from and after that date, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

WHEREFORE the plaintiff United States requests that this Court:

A.      Enter judgment in favor of the plaintiff United States and against Polselli in the total amount of  $5,156,184.91 as of April 1, 2014, plus statutory additions from and after that date, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), for the unpaid trust fund taxes assessed against Polselli under 26 U.S.C. § 6672 regarding taxes withheld from the wages of the employees of:

1.      31500, Inc., for the tax periods ending 9/30/93, and 3/31/94 through 6/30/97, inclusive;

2.      Access Data, for the tax period ending 12/31/00;

3.      Atlantic Hotels Corporation for the tax periods ending 12/31/94 through 9/30/98, inclusive, and 12/31/00;

4.      Buckeye Hotel Management, Inc. for the tax period ending 12/31/00;

5.      California Hotels Corporation for the tax periods ending 9/30/95, 3/31/96, and 6/30/96;

6.      Collier Hotels, Inc., for the tax period ending 12/31/00;

7.      Dallas Hotel Associates, Inc., for the tax periods ending 12/31/95 through 9/30/98, inclusive, and 12/31/00;

8.      Entertainment Management Co., L.C., for the tax period ending 3/31/00;

9.      Fort Pierce Hotel Associates, Inc., for the tax periods ending 12/31/92 through 9/30/95, inclusive;

10.     Grand Harbor Resorts, Inc., for the tax period ending 3/31/00;

11.     Grand Hotels and Resorts International, Inc., a/k/a Grand Hotels & Resorts International, Inc., for the tax period ending 3/31/01;

12.     Hotel Management Corporation for the tax periods ending 3/31/98, 6/30/98, and 9/30/98;

13.     Indian Ocean Corporation for the tax periods ending 9/30/96 through 12/31/98, inclusive, 6/30/99, 9/30/99, 12/31/00, and 3/31/01;

14.     Intercoastal Hotels, Inc., for the tax periods ending 9/30/96 through 3/31/99, inclusive;

15.     Lake Lure Associates, Inc., for the tax periods ending 3/31/93 through 9/30/98, inclusive, and 3/31/99;

16.     Mountain Management Corporation for the tax periods ending 9/30/97 through 6/30/99, inclusive;

17.     Pacific XV, Inc., for the tax periods ending 12/31/97 through 6/30/98, inclusive, 3/31/99 and 6/30/99;

18.     Palm Beach Hotels, Inc., for the tax periods ending 12/31/95 and 3/31/97 through 3/31/98, inclusive, 9/30/98, 12/31/00, and 3/31/01;

19.     Pier Pointe Management, Inc., a/k/a Pierpointe Management, Inc., for the tax period ending 9/30/99;

20.     Riverfront Hotel Management Corporation for the tax periods ending 3/31/98 through 9/30/98, inclusive;

21.     Sea Lord Management, Inc., for the tax periods ending 9/30/97 through 9/30/98, inclusive;

22.     South Bend Hotel Associates, Inc., for the tax periods ending through 12/31/92 through 3/31/96, inclusive;

23.     St. Lucie Hotel Associates, Inc., for the tax periods ending 12/31/95 through 3/31/97, inclusive;

24.     Tempe Hotel Associates, Inc., for the tax periods ending 12/31/92 through 12/31/95, inclusive;

25.     Waterloo Management, Inc., for the tax period ending 9/30/99; and

26.     Worldwide Marinas, Inc., for the tax period ending 3/31/01; and

B.     Award the United States its costs in this action, and such other and further relief as the Court determines is just and proper.

KATHRYN KENEALLY
Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Gabrielle G Hirz*
GABRIELLE G. HIRZ
Trial Attorney
Tax Division, U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044
202-307-2279 (v)/202-514-5238 (f)
Gabrielle.G.Hirz@usdoj.gov