UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                 Case Number 14-11385

v.                                                  Honorable David M. Lawson
                                                      Magistrate Judge Curtis Ivy, Jr.

REMO POLSELLI,

        Defendant.
_____/

## ORDER DENYING MOTION TO STAY PROCEEDINGS

This matter is before the Court on the government's motion to stay all proceedings in light of the lapse in appropriations, which precipitated a federal government shutdown starting on October 1, 2025. *See* CNN: No clear path out of the shutdown as Trump administration warns of 'imminent' layoffs (Oct. 2, 2025), https://www.cnn.com/politics/live-news/government-shutdown-news-10-02-25. The defendant does not oppose a stay of the case.

This case stands in a post-judgment posture: according to the government, the defendant owes more than $8 million on a judgment entered in this case in 2015. On May 6, 2025, the government moved to compel discovery responses from the defendant as part of its effort to satisfy that judgment. *See* ECF No. 28. The Court referred the motion to Magistrate Judge Curtis Ivy, Jr. In a recent status report, the parties informed the Court that the defendant had produced additional documents, and the government required additional time to determine whether they were responsive to its inquiries. ECF No. 43.

As authority for its motion to stay, the government cites 31 U.S.C. § 1342, which provides that "[a]n officer or employee of the United States Government or of the District of Columbia government may not accept voluntary services . . . or employ personal services exceeding [those] authorized by law except for emergencies involving the safety of human life or the protection of

property."  The case law construing the import of that statute during a lapse in government appropriations is sparce.  However, the Sixth Circuit Court of Appeals has observed in passing that as a general rule government attorneys whose work is not otherwise authorized on an "emergency" basis are not permitted to work during a lapse in appropriations.  *See United States v. Trevino*, 7 F.4th 414, 421 n.6 (6th Cir. 2021) ("The prosecution cannot continue without expenditures[,] [and] The Anti-Deficiency Act prohibits any government official from carrying out the prosecution on an unpaid, volunteer basis.") (citing 31 U.S.C. § 1342).

Other circuits, however, have taken a less sanguine view and occasionally have denied similar requests on the ground that labor by government counsel not otherwise "authorized by law" nevertheless is authorized when counsel is ordered by a federal court to comply with its scheduling deadlines.  *E.g.*, *People for the Ethical Treatment of Animals v. USDA*, 912 F.3d 641 (D.C. Cir. 2019) ("[W]ithout any current appropriation to fund DOJ activities, any 'personal services' employed to defend the appeal would seem to be not 'authorized by law.' The counter-argument must be that activity not otherwise 'authorized by law' becomes so when this Court orders it.") (denying motion to stay briefing deadlines due to lapse in government appropriations); *see also Air Transp. Ass'n of Am., Inc. v. FAA*, 912 F.3d 642 (D.C. Cir. 2019) (same).  This appears to be the position taken by the Department of Justice, which is managing the litigation for the government.  Its "contingency plan" for the shutdown, posted on its website, provides, in general, that litigators "will approach the courts and request that active cases . . . be postponed until funding is available."   U.S. Dep't of Just., FY 2026 Contingency Plan (Sept. 29, 2025), https://www.justice.gov/jmd/page/file/1015676/download (last visited October 2, 2025).  "If a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *Ibid.*

The only rationale for a stay cited by the government is the lapse in appropriations. However, all lawyers practicing in this district undertake certain obligations to the Court embodied in the Michigan Rules of Professional Conduct. "[Eastern District of Michigan] Local Rule 83.20(j) provides that an attorney who practices in this District 'is subject to the Rules of Professional Conduct adopted by the Michigan Supreme Court, as amended from time to time, and consents to the jurisdiction of this court and the Michigan Attorney Grievance Commission and Michigan Attorney Discipline Board for purposes of disciplinary proceedings,'" and "[b]y appearing in this Court, [the government's lawyers] have consented to abide by the Michigan Rules of Professional Conduct." *Mitsuiya Indus. Co. v. Formed Fiber Techs., Inc.*, No. 22-10941, 2023 WL 9112209, at *3 (E.D. Mich. Dec. 19, 2023). Although the Rules of Professional Conduct permit withdrawal by counsel in certain situations, such as where a client refuses to fulfill the terms of a fee agreement, *see* Mich. Rule of Prof. Conduct 1.16(b)(4), the rules also require that "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation," *id.* at 1.16(c). Those mandates, nevertheless, are not binding on administrative staffers of executive branch client agencies who do not appear as counsel of record in this Court. The Court views the government's situation as like to that of any other litigant. That a government attorney may not be paid during a lapse in appropriations is not a persuasive reason to desist with the representation by staying the case.

The parties have presented no other grounds suggesting a stay of proceedings is appropriate here. Ostensibly, the government's goal at this point in the litigation is to satisfy a judgment whose proceeds ultimately would burnish the coffers of the Treasury Department. And presumably, the defendant wishes to have his rights fairly adjudicated in a timely manner. The Courts remain open and ready to adjudicate the people's business.

Under the circumstances, the Court finds that it has authority to require continuation of the representation by counsel.  The Department of Justice has represented publicly that it will make staff available to continue the litigation in the event the Court denies the requested stay.   The Court finds that the government has not established good grounds for a stay.  The motion therefore will be denied.

Accordingly, it is **ORDERED** that the government's motion to stay proceedings (ECF No. 44) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   October 3, 2025